■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TRACEY L. NICHOL, Respondent. [620 NYS2d 529] —Mikoll, J. P. Appeal from an order of the County Court of Tompkins County (Sherman, J.), entered January 26, 1994, which granted defendant's motion to dismiss the indictment.

The instant prosecution was commenced on June 21, 1992 with the filing of felony and misdemeanor complaints in Ithaca Town Court accusing defendant of falsifying business records in the first degree and petit larceny. An indictment was thereafter filed on October 27, 1992 alleging that defendant committed the crimes of falsifying business records in the first degree in 10 counts, petit larceny in five counts and criminal possession of stolen property in the fifth degree in a single count. Upon defendant's arraignment and plea of not guilty to the indictment on October 30, 1992, the prosecution announced that the People were ready for trial.

These charges arose out of allegations that defendant embezzled money while she was employed at the Cornell University golf course and made false entries in the business records

to cover up the thefts. Police used a mounted video camera hidden in the ceiling of the office in which defendant worked to obtain videotape evidence of her allegedly illegal activity.

Following arraignment, the matter was adjourned to permit defendant to make motions for omnibus relief including discovery and suppression of evidence. Among these motions was one to suppress the videotapes on the ground they were obtained without a warrant. Defendant also moved to compel the People to furnish her with copies of the videotapes, previously demanded without cost, and to dismiss the indictment for failure to provide her copies of the videotapes within a reasonable time.

In an order issued May 19, 1993, County Court (Friedlander, J.) directed the People to provide copies of the videotapes to defendant forthwith. In a decision dated May 25, 1993, County Court ruled that "any prosecutorial default in the timely provision of discovery materials would not vitiate the people's record statement of readiness for trial under CPL 30.30". County Court in its decision also noted that it would "delay the *Mapp* hearing, directed herein, for a reasonable period, at defendant's request, to enable defendant to review the duplicate videotapes which the people have been directed to furnish". The People were to notify the court when the tapes had been furnished to defendant, and defendant was to then advise the court of the additional time needed for any review of the tapes and related preparation for the *Mapp* hearing.

Seven of the videotapes had been served on defendant on August 4, 1993 and delivery of copies of the videotapes was not completed until September 16, 1993. On September 20, 1993, defendant moved to dismiss the indictment on the ground that she had been denied a speedy trial as a result of the People's delay in furnishing copies of the videotapes for review as ordered in May 1993. Defendant furnished a supplemental affidavit on the motion dated January 21, 1993 following the prosecution's response. The motion of September 20, 1993 was apparently never addressed by Judge Friedlander or County Court before her retirement at the end of 1993. Judge Friedlander was replaced by County Judge Sherman effective January 1994.

On January 3, 1994 the prosecution sent a letter to County Court requesting an adjournment of the *Mapp* hearing scheduled for January 6, 1994 and requesting a pretrial conference during the week of January 10, 1994. County Court heard argument on the pending motion to dismiss on speedy trial grounds on January 21, 1994 and issued a decision on January

26, 1994 ordering dismissal of the indictment, reasoning that the delay from the filing of the felony complaint on June 21, 1992 until the prosecution's filing of the statement of readiness for trial on October 30, 1992 consisted of 130 days of delay chargeable to the prosecution. County Court found added delay "well in excess of 50 days" chargeable to the prosecution from the time of Judge Friedlander's order of May 19, 1993 to forthwith furnish copies of the videotapes and the delivery of all the tapes to defendant in September 1993. County Court considered imposition of a sanction for the chargeable delay less than dismissal of the indictment, but rejected a lesser sanction because County Court "made it clear to the parties that the trial would not go forward until the discovery was completed". County Court concluded that the delay was unreasonable and chargeable to the People. County Court further ruled that an additional period of delay in excess of 50 days was also chargeable to the People as the result of their request for an adjournment of the scheduled *Mapp* hearing which resulted in a postponement of the *Mapp* hearing from January 6, 1994 until the March 1994 term of court.

The People urge that the delay in copying the tapes should be excused and not charged to them because the People's hired expert worked full time at another job and could work only limited hours in duplicating the tapes. We disagree and find no special circumstances excusing the delay of two months attributed to the People. Also, there is no question that the People are chargeable with the delay of 130 days from June 21, 1992 to October 30, 1992 plus the delay attributable to the People's motion to adjourn the *Mapp* hearing from its January 6, 1994 date.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed.